IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------
**Better Houseware Corporation,** )
             )   **Civil Action No. 24-8498**
        **Plaintiff,** )
             )
   -against-     )   **JURY TRIAL DEMANDED**
             )
**Dorai Home, Inc.,**     )
             )
       **Defendant.** )
------------------------------------------

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Better Houseware Corporation ("Better Houseware") files this Complaint against Defendant Dorai Home, Inc. ("Dorai"), wherein Better Houseware seeks a declaratory judgment of invalidity, unenforceability and non-infringement of United States Patent No. 11,832,777 (the "'777 Patent", Exhibit 1) pursuant to the Declaratory Judgment Act, U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq., and such other relief as the Court deems just and proper, and in support thereof alleges as follows:

**Parties**

1. According to the New York State, Department of State, Division of Corporations online records, DOS ID 192319, indicates that Better Houseware is a corporation organized and existing under the laws of the State of New York with a principal place of business at 25-12 41st Avenue, Long Island City, New York 11101.

2. Better Houseware sells a dishmat it refers to as "The Magic Dishmat: Stone & Silicone Quick Dry Mat Item #3418" (dishmat #3418, Exhibit 2 being an image of the product),

and offers dishmat #3418 for sale through authorized resellers on the Amazon e-commerce platform.

3. Upon information and belief, Dorai is a corporation organized and existing under the laws of the State of Utah with a principal place of business at 933 South Edison Street, #201, Salt Lake City, Utah 84111.

**Jurisdiction and Venue**

4. This court has subject matter jurisdiction over Better Houseware's request for a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., which are within the subject matter jurisdiction of this court under 28 U.S.C. §§ 1331 and 1338.

6. Plaintiff receives orders for, processes orders for, handles, packages and ships dishmat #3418 from its place of business in this district.

7. Upon information and belief, Dorai is subject to general personal jurisdiction in this judicial district based on its purposeful, systematic, routine and continuous contacts with New York. Doria conducts substantial and continuous business in this district by, for example, directing sales to customers in this district, taking orders for products from its website from customers in this district and shipping products to customers in this district, and is therefore subject to personal jurisdiction in this district.

8. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c).

**Patent-in-Suit**

9. The '777 Patent, entitled "Absorptive Drying Implement," names on its face Jason Charles Klug, Aaron Basil Nelson and Kelsey O'Callaghan as inventors and states that it was

issued on December 5, 2023 to assignee Dorai. See Exhibit 1.

10. The '777 patent issued from U.S. patent application Ser. No. 16/852,208 filed April 17, 2020 ("the '208 application").

**Background**

11. Better Houseware distributes household products to customers around the world, including to those in this district.

12. Better Houseware's products include dishmat #3418.

13. Dishmat #3418 was offered for sale at the Amazon e-commerce platform, having been assigned ASIN: B0DG2Q668Z.

14. On November 15, 2024, Amazon issued a Notice: Policy Warning for product ASIN: B0DG2Q668Z, assigned Complaint No.: 16664454781 for dishmat #3418 identifying a report of alleged infringement of the '777 patent made by Dorai (Exhibit 3).

15. As a result of the infringement report by Dorai, Amazon removed the listing for dishmat #3418 from its e-commerce platform, and dishmat #3418 is no longer available for purchase by potential customers at the Amazon e-commerce platform.

16. Removal of the listing for dishmat #3418 on the Amazon e-commerce platform upon request by Dorai prevents sales of dishmat #3418 on the Amazon e-commerce platform.

17. Better Houseware's inability to sell dishmat #3418 on the Amazon e-commerce platform has resulted in and continues to result in lost sales by Better Houseware, and lost profits derived from sales of dishmat #3418, and storage charges being charged by Amazon for storage of units of dishmat #3418 in Amazon warehouses.

18. Dorai sells home dish pads, diatomaceous earth stone drying mat on the Amazon e-commerce platform, thereby competing with Better Houseware for customers seeking such drying

mats.

### First Cause of Action-Invalidity

19.     An actual and substantial controversy has arisen and now exists between the parties concerning the validity, enforceability and infringement of the '777 patent.

20.     The '777 patent contains 22 claims of which claims 2, 5, and 9-22 are directed to a drying implement that comprises a plurality of absorption panels. Since dishmat #3418 includes only a single absorption panel, dishmat #3418 does not include all of the elements of claims 2, 5, and 9-22 and therefore cannot literally infringe these claims.

21.     Independent claim 1 and claims 3, 4, 6, 7, and 8 dependent therefrom are invalid and unenforceable because the purported inventions therein fail to meet the conditions for patentability specified in 35 U.S.C. §§101 et seq., including but not limited to 35 U.S.C. §§103 and 112.

21.     By way of example, and without limiting the grounds of invalidity that will be asserted in this action, claims 1, 3, 4, 6, 7, and 8 are invalid for failure to satisfy the enablement requirement of 35 U.S.C. §112. To satisfy the enablement requirement, the full scope of the claim must be enabled, and if the specification does not enable the full scope of the invention, the claim is invalid. Claims 1, 3, 4, 6, 7, and 8 are directed generally to a "drying implement". However, the specification describes only a passive draining aspect in which liquid that drains from an object is received by the implement but does not disclose any active drying effect. Lacking disclosure of such a drying effect, the '777 patent fails to provide sufficient teachings that would enable a person of ordinary skill in the art to make and use the full scope of the claims without undue experimentation.

22.     By way of further example, and without limiting the grounds of invalidity that will

be asserted in this action, claims 1, 3, 4, 6, 7, and 8 are invalid for failure to satisfy the written description requirement of 35 U.S.C. §112. These claims are directed generally to a drying implement including a rigid absorption panel comprising diatomaceous earth and a covering that is flexible and resilient and is configured to "at least partially and removably encase the rigid absorption panel". However, the specification does not describe how a "partial" encasing is possible, since encase is defined as to cover or surround something or someone completely (https://dictionary.cambridge.org/dictionary/english/encase). Accordingly, the specification does not describe the invention of claims 1, 3, 4, 6, 7, and 8 in sufficient detail that one skilled in the art can reasonably conclude that the inventors had possession of the claimed invention.

23. By way of further example, and without limiting the grounds of invalidity that will be asserted in this action, claims 1, 3, 4, 6, 7, and 8 are invalid for failure to satisfy the enablement requirement of 35 U.S.C. §112. Claims 1, 3, 4, 6, 7, and 8 are directed generally to a drying implement including a rigid absorption panel comprising diatomaceous earth and a covering that is flexible and resilient and is configured to "at least partially and removably encase the rigid absorption panel". Lacking a description of a partial encasing, the '777 patent fails to provide sufficient teachings that would enable a person of ordinary skill in the art to make and use the full scope of the claims without undue experimentation.

24. By way of further example, and without limiting the grounds of invalidity that will be asserted in this action, claims 1, 3, 4, 6, 7, and 8 are invalid for failure to satisfy the written description requirement of 35 U.S.C. §112. Claim 1 recites that covering has "at least one of a bottom lip". The specification lacks a definition of a "bottom lip", and therefore the '777 patent does not describe the invention of claims 1, 3, 4, 6, 7, and 8 in sufficient detail that one skilled in the art can reasonably conclude that the inventors had possession of the claimed invention.

25. By way of further example, and without limiting the grounds of invalidity that will be asserted in this action, claims 1, 3, 4, 6, 7, and 8 are invalid for failure to satisfy the enablement requirement of 35 U.S.C. §112. Claim 1 recites that covering has "at least one of a bottom lip". Since the specification lacks a definition of a "bottom lip", the '777 patent fails to provide sufficient teachings that would enable a person of ordinary skill in the art to make and use the full scope of the claims without undue experimentation.

26. By way of further example, and without limiting the grounds of invalidity that will be asserted in this action, claims 1, 3, 4, 6, 7, and 8 are invalid for failure to satisfy the written description requirement of 35 U.S.C. §112. Claim 1 recites that the "at least one of the bottom lip…is configured to secure the covering to the rigid absorption panel". The specification, lacking a definition of a "bottom lip", does not describe an embodiment wherein only a singular "bottom lip" is configured to secure the covering to the rigid absorption panel. Accordingly, the '777 patent does not describe the invention of claims 1, 3, 4, 6, 7, and 8 in sufficient detail that one skilled in the art can reasonably conclude that the inventors had possession of the claimed invention.

27. By way of further example, and without limiting the grounds of invalidity that will be asserted in this action, claims 1, 3, 4, 6, 7, and 8 are invalid for failure to satisfy the enablement requirement of 35 U.S.C. §112. Claim 1 recites that the "at least one of the bottom lip…is configured to secure the covering to the rigid absorption panel". The specification, lacking a definition of a "bottom lip" and disclosure of an embodiment with only a singular "bottom lip", does not explain how such a singular bottom lip could secure the covering to the rigid absorption panel. Accordingly, the '777 patent fails to provide sufficient teachings that would enable a person of ordinary skill in the art to make and use the full scope of the claims without undue experimentation.

28. By way of further example, and without limiting the grounds of invalidity that will be asserted in this action, claims 1, 3, 4, 6, 7, and 8 are invalid for failure to satisfy the enablement requirement of 35 U.S.C. §112. Claim 1 recites that the "at least one of the pocket …is configured to secure the covering to the rigid absorption panel". The specification provides only an embodiment of a drying implement with two pockets for each absorption panel and does not explain how a singular pocket could secure the covering to the rigid absorption panel. Accordingly, the '777 patent fails to provide sufficient teachings that would enable a person of ordinary skill in the art to make and use the drying implement with a covering having only a single pocket without undue experimentation.

29. By way of further example, and without limiting the grounds of invalidity that will be asserted in this action, claims 1, 3, 4, 6, 7, and 8 are invalid for failure to satisfy the enablement requirement of 35 U.S.C. §112. Claim 1 recites that the "at least one of the strap …is configured to secure the covering to the rigid absorption panel". The specification provides only an embodiment of a drying implement with two straps for each absorption panel and does not explain how a singular strap could secure the covering to the rigid absorption panel. Accordingly, the '777 patent fails to provide sufficient teachings that would enable a person of ordinary skill in the art to make and use the drying implement with a covering having only a single strap without undue experimentation.

30. By way of further example, and without limiting the grounds of invalidity that will be asserted in this action, claims 1, 3, 4, 6, 7, and 8 are invalid under 35 U.S.C. §103 as being unpatentable over U.S. Patent Application Publication No. 2016/0206176 (Eilmus, Exhibit 4) in view of U.S. Patent No. 9,907,453 (Green, Exhibit 5), JP3204281 (Ash, Exhibit 6), and U.S. Patent Application Publication No. 2004/0261208 (McKay, Exhibit 7), WO 00/16682 (Yamaguchi,

Exhibit 8), U.S. Patent Application Publication No. 2017/0196192 (Martin et al., Exhibit 9) and/or U.S. Patent Application Publication No. 2010/0247841 (Bell et al., Exhibit 10), and U.S. Patent Application Publication No. 2009/0211994 (Yang, Exhibit 11) and/or U.S. Patent Application Publication No. 2007/0131629 (Sullivan, Exhibit 12).

31. An Office Action issued April 4, 2022 (Exhibit 13) during the prosecution of the '208 application in which application claims 1, 4-19 and 21-23 were rejected under 35 U.S.C. §103 as being unpatentable over Eilmus in view of Green, U.S. Patent Application Publication No. 2009/0179446 (Ahlers, Exhibit 14), Ash, U.S. Patent Application Publication No. 2009/0162596 (Rios, Exhibit 15), and Yang and/or Sullivan. As applicable to claims 1, 3, 4, 6, 7, and 8 in the '777 patent, the Examiner stated that:

    a. Eilmus discloses a drying implement comprising a flexible layer for supporting on object while the object is drying;

    b. Green discloses that it is known in the art to construct a drying implement with … apertures and … absorption mat to allow water to runoff and be absorbed (see entire document including column 1, lines 49-59);

    c. therefore it would have been obvious to one having ordinary skill in the art to construct the drying implement of Eilmus with said apertures and with an underlying absorption mat motivated by a desire to allow water to runoff and be absorbed;

    d. Ash discloses that it is known in the art to construct a mat with diatomaceous earth to provide a mat with excellent absorption and release characteristics (see entire document including translation page 1, lines 10-34 and page 4, lines 156-159); and

    e. therefore it would have been obvious to one having ordinary skill in the art

8

to construct the absorption mat with diatomaceous earth to provide a mat with excellent absorption and release characteristics.

32. In the Office Action issued April 4, 2022, the Examiner also stated with respect to application claim 5 (renumbered to patent claim 3) that the flexible layer of Eilmus's drying implement is formed from a molded polymer material.

33. In the Office Action issued April 4, 2022, the Examiner also stated with respect to application claim 6 (renumbered to patent claim 4) that the molded polymer material includes a molded silicone material.

34. In the Office Action issued April 4, 2022, the Examiner also stated with respect to application claim 12 (renumbered to patent claim 6) that the apertures of the substantially flexible layer include voids through a width thereof, the apertures of the flexible layer being sized so as to be smaller than the object being dried so as to support the object thereon (column 1, lines 36-60).

35. In the Office Action issued April 4, 2022, the Examiner also stated with respect to application claim 17 (renumbered to patent claim 7) that Yang and Sullivan each disclose that it is known in the art to construct a rack as big as or bigger than a mat (see Figures), and therefore, it would have been obvious to one having ordinary skill in the art construct the rack as claimed based on the desired amount of rack area.

36. In the Office Action issued April 4, 2022, the Examiner also stated with respect to application claim 18 (renumbered to patent claim 8) that Yang and Sullivan each disclose that it is known in the art to suspend a mat off a countertop surface by using corner located feet (see entire documents including Figures), therefore, it would have been obvious to one having ordinary skill in the art to suspend the mat of Eilmus off a countertop surface, such as claimed, to allow for increased drying and/or easier cleanup, and also that the drying implement of Eilmus includes

9

protrusions (ribs) extending from the bottom of the layer (see Figures).

37. McKay discloses a cleaning mat with absorbent material and a backing sheet wherein in one embodiment, the absorbent material is secured to the backing sheet by corner tabs which are also referred to as pockets, and instead of being positioned only at corners of the backing sheet may extend completely along two or more edges of the backing sheet. McKay therefore discloses a removable encasing of absorbent material by an adjacent substrate.

38. Yamaguchi discloses a mat with an absorption panel secured in a pocket-like space in a peripheral edge of a mat base, and therefore teaches securing an absorption panel to an adjacent substrate by means of a pocket-like space.

39. Martin et al. discloses a mat with a first layer including a mesh with apertures and an absorbent second layer that are secured to one another by various engagement structures that include straps, and therefore teaches securing an absorption panel to an adjacent substrate by straps.

40. Bell et al. discloses a mat used as a drying implement and having a cover said to form a pocket in which a substrate is retained, and therefore teaches securing an absorption panel to an adjacent substrate by what is said to be a pocket.

41. It would have been obvious to one having ordinary skill in the art to which the claimed invention pertains to construct the absorption mat of Eilmus with apertures to allow water to runoff and be absorbed in view of Green.

42. It would have been obvious to one having ordinary skill in the art to which the claimed invention pertains to construct the absorption mat of Eilmus with diatomaceous earth to provide a mat with excellent absorption and release characteristics in view of Ash.

43. It would have been obvious to one having ordinary skill in the art to which the

claimed invention pertains to construct the absorption mat of Eilmus to provide a removable encasing of the absorbent panel by the adjacent substrate using one or more pockets, a pocket-like space or straps in view of McKay, Yamaguchi, Martin et al. and/or Bell et al.

44. It would have been obvious to one having ordinary skill in the art to which the claimed invention pertains to construct the absorption mat of Eilmus to suspend the mat of Eilmus off a countertop surface to allow for increased drying and/or easier cleanup in view of Yang and Sullivan.

45. Eilmus, Green, Ash, McKay, Yamaguchi, Martin et al., Bell et al., Yang and Sullivan are all in the same field to which the invention in the '777 patent pertains, a drying implement. To wit, U.S. Patent Application Publication No. 2013/0227855 (Wilmsen, Exhibit 16) discloses the use of a drying mat for use as a dish mat, a counter mat, and a shower/bath mat. In view of Wilmsen, it would have been obvious to one having ordinary skill in the art to which the claimed invention pertains to use any features of a shower/bath mat for a dish mat or counter mat or more generally a drying implement however defined.

46. Claims 1, 3, 4, 6, 7, and 8 are therefore invalid under 35 U.S.C. §103 as being unpatentable over Eilmus in view of Green, Ash, and McKay, Yamaguchi, Martin et al. and/or Bell et al., and Yang and/or Sullivan.

47. As an alternative to Green in any of the assertions for invalidity identified above, U.S. Patent Application Publication No. 2017/0136724 (Dawson et al., Exhibit 17) discloses a mat used as a drying implement and includes a covering having a top surface comprising a mesh of ribs that form a plurality of apertures that are configured to allow liquid to drain from an object disposed on the covering, through the apertures, to an absorption panel below the covering.

48. It would have been obvious to one having ordinary skill in the art to which the

claimed invention pertains to construct the absorption mat of Eilmus with apertures to allow water to runoff and be absorbed in view of Dawson et al., to construct the absorption mat with diatomaceous earth to provide a mat with excellent absorption and release characteristics in view of Ash, to include a removable encasing of the absorbent panel by the covering using pockets, a pocket-like space or straps in view of McKay, Yamaguchi, Martin et al. and/or Bell et al., and to suspend the mat of Eilmus off a countertop surface to allow for increased drying and/or easier cleanup in view of Yang and Sullivan.

49. JP 3205386 (Oka, translation as Exhibit 18) discloses an absorption mat including an absorbent substrate including diatomaceous earth and a covering that is flexible and resilient.

50. Eilmus discloses a dish mat made of silicone and includes a mesh of ribs that form a plurality of apertures that are configured to flow liquid to drain from an object on the dish mat through the apertures.

51. McKay, Yamaguchi, Martin et al. and/or Bell et al. disclose pockets, a pocket-like space or straps on a covering to enable removable encasing of an absorbent panel by the covering.

52. It would have been obvious to one having ordinary skill in the art to which the claimed invention pertains to construct the absorption mat of Oka with a silicone covering in view of Eilmus and to include a removable encasing of the absorbent panel by the covering using pockets, a pocket-like space or straps in view of McKay, Yamaguchi, Martin et al. and/or Bell et al., and to suspend the mat of Eilmus off a countertop surface to allow for increased drying and/or easier cleanup in view of Yang and Sullivan.

53. Better Houseware expressly reserves the right to assert additional grounds of invalidity after having the ability to conduct discovery.

54. Better Houseware seeks a declaratory judgment that claims 1, 3, 4, 6, 7, and 8 of

the '777 patent are invalid.

### Second Cause of Action-Non-Infringement

55. An actual and substantial controversy has arisen and now exists between the parties concerning whether Better Houseware's offer for sale and sale of dishmat #3418 infringes any valid and enforceable claim of the '777 patent either directly, indirectly, literally under the doctrine of equivalents or otherwise.

56. By way of example and without limiting the grounds of non-infringement, dishmat #3418 does not infringe any of claims 1, 3, 4, 6, 7, and 8 because it does not contain "a covering that …(iii) has a top surface, side edges and at least one of a bottom lip, a pocket or a strap" however defined.

57. By way of further example and without limiting the grounds of non-infringement, dishmat #3418 does not infringe any of claims 1, 3, 4, 6, 7, and 8 because it does not include the feature of "wherein the at least one of the bottom lip, the pocket or the strap is configured to secure the covering to the rigid absorption panel" however defined.

58. Better Houseware expressly reserves the right to assert additional grounds of non-infringement after having the ability to conduct discovery and the Court has construed the claims.

59. Better Houseware seeks a declaratory judgment that making, using, offering to sell, selling and importing dishmat #3418 does not and will not infringe any valid and enforceable claim of the '777 patent including but not limited to claims 1, 3, 4, 6, 7, and 8.

**Jury Trial Demanded**

Pursuant to Federal Rule of Civil Procedure 38(b), Better Houseware demands a jury trial of all issues so triable.

**Prayer for Relief**

13

WHEREFORE, Plaintiff requests that judgment be entered in favor of Plaintiff and against Defendant:

(a)   declaring at least claims 1, 3, 4, 6, 7, and 8 of the '777 patent invalid;

(b)   declaring that the manufacture, use, sale, offer for sale, and importation of dishmat #3418 does not infringe any valid and enforceable claim of the '777 patent;

(c)   enjoining Dorai from enforcing the '777 patent as against Better Houseware's products including but not limited to dishmat #3418;

(d)   ordering Dorai to contact Amazon to withdraw the infringement report for ASIN: B0DG2Q668Z;

(e)   a finding that this case is exceptional under 35 U.S.C. §285;

(f)   awarding Plaintiff damages for lost sales and lost profits and incurred storage charges, their costs and attorney's fees; and

(g)   awarding Plaintiff such other relief as the Court deems just and proper.

Dated: December 12, 2024
       New York, New York

                                          Respectfully submitted,

                                          **Boris Kogan & Associates, P.C.**

                                          Boris Kogan, Esq.
                                          11 Broadway, Suite 615
                                          New York, NY 10004
                                          (212) 625-8910
                                          bk@boriskogan.com

                                    By:   Brian Roffe
                                          Brian Roffe, Esq., of counsel
                                          (516) 448-6435
                                          patentattorney@comcast.net

                                          *Attorneys for Plaintiff*